BOUTALL, Judge.
These claims and counter claims result from the non-performance of an agreement to buy and sell real estate.
Plaintiffs, Gilbert T. White, et al. agreed to sell to Mr. and Mrs. Kenneth B. Mathieu, *669 Sr. a certain lot of real estate, conditioned upon the purchaser’s ability to obtain a loan, with the act of sale to be passed on or prior to September 16,1977 before the lender’s notary. The notary, upon examination of the title, discovered a title problem relative to a partnership appearing in the chain of title, and on September 14, two days before the proposed sale, notified the parties that it would be necessary to obtain additional certificates from the Clerk of Court before title could be passed. The proposed sale was agreed upon to be pushed back to a later date, and on September 19, the seller and purchaser signed an agreement extending the date to September 30, 1977. The sale was neither set nor passed on that date, the title problem apparently not being completely resolved, and shortly thereafter the notary set a date of October 13 for the act of sale. The prospective purchasers, Mr. and Mrs. Mathieu, did not show up at the notary’s office for acceptance of the title, and an attempt was made to place them in default. This suit followed by plaintiff sellers seeking to declare the deposit forfeited.
At issue are the related questions of whether the agreement to sell and the agreement to extend became null because no sale was attempted within their time limitations, and whether a putting in default was necessary by one party or the other.
The agreement to sell provided that the act of sale was to be passed before September 16, 1977, but it also contained the following provision: “... in the event bona fide curative work in connection with title is required, the parties herewith agree to and do extend the time for passing of act of sale by thirty days.” The evidence clearly shows that the problem which arose preventing passage of act of sale on September 16 was caused by the necessity for bona fide curative work, and this would result in the extension clause becoming effective. However, three days later on September 19th, the parties signed an agreement extending the date for passing the act of sale on or prior to September 30, less than the thirty day period. The trial judge found as a fact that the extension agreement was “in lieu of the phrase included in the buy and sell agreement extending to the parties the opportunity to execute bona fide curative work”, and based upon that and other facts, concluded that the agreement had expired on its own terms without either party attempting to buy or sell and place the other in default. We conclude that this finding is determinative of the issues on this appeal, and we affirm.
The proposed act of sale was set within the thirty day limitation afforded by the agreement to buy and sell, and because of defendant’s refusal to purchase at that time, plaintiffs would have been entitled to judgment. However, the extension agreement replaced this thirty day period with a period ending on September 30, and there being no attempt at default, etc. prior to that day’s end, the agreement expired in accordance with its terms. There is a dispute as to the intent of this agreement, but Mr. Mathieu testified that he believed that this would be the last day for resolution of the title problem and the real estate agent testified that he caused the parties to sign this agreement and established that date because he believed that the problems would have been resolved by that time. Although there is some evidence supporting another interpretation of the document, there is ample evidence to support the finding of the trial judge, and we can find no error in his finding. Accordingly, the trial judge dismissed plaintiff’s demand for forfeiture of the deposit, and granted the defendants and plaintiffs in reconvention the return of the deposit.
The other issues were correctly resolved by the trial judge, and we do not consider them of such a nature as to require detailed discussion. They are supported both in fact and law, and we affirm.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.